IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ALFREDO C. HINOJOS,

                           Plaintiff,

v.

UNITED STATES OF AMERICA,

                           Defendant.

Case No. 23-1238-DDC-BGS

## MEMORANDUM AND ORDER

This matter comes before the court on defendant's November 20, 2023, Motion to Dismiss (Doc. 7). D. Kan. Rules 6.1(d)(2) and 7.1(c) required plaintiff[1] to respond to defendant's motion within 21 days, or by December 11, 2023. Plaintiff never filed a response. So, on January 10, 2024, the court issued an Order to Show Cause to plaintiff. Doc. 9. Specifically, the court ordered plaintiff to show cause, by January 24, 2024, why it shouldn't consider and rule on defendant's uncontested Motion to Dismiss (Doc. 7) for lack of subject matter jurisdiction under D. Kan. Rule 7.1(c). *Id.* at 2. Following suit, plaintiff never responded to that Order either. Since plaintiff hasn't filed a response by the D. Kan. Rule 6.1(d) deadline, and he hasn't responded to the Order to Show Cause, the court now decides defendant's uncontested Motion to Dismiss. D. Kan. Rule 7.1(c).

---

[1]     Because plaintiff filed his suit pro se, the court construes his filings liberally and holds them "to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the court doesn't serve as a pro se plaintiff's advocate. *See id.* Plaintiff's pro se status doesn't excuse him from complying with the court's rules or facing the consequences of noncompliance. *See Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994).

## I.        Background and Procedural History

Plaintiff Alfredo Hinojos alleges that Dr. Maya Nunley, a dentist at HealthCore Clinic Inc., negligently filled cavities in his two front teeth, causing him pain and tooth decay.  Doc. 1-1 at 1.  On August 28, 2023, plaintiff sued Dr. Nunley in Sedgwick County District Court.  *Id.*  Dr. Nunley is a Public Health Service (PHS) employee under 42 U.S.C. § 233(g).  Doc. 4 at 10. "Section 233(a) grants absolute immunity to PHS officers and employees for actions arising out of the performance of medical or related functions within the scope of their employment by barring all actions against them for such conduct."  *Hui v. Castaneda*, 559 U.S. 799, 806 (2010) (holding that § 233(a) incorporates the Federal Tort Claims Act and "limits recovery . . . to suits against the United States").  So, the government substituted the United States as defendant in place of Dr. Nunley.  Doc. 5.  Defendant removed this case to the United States District Court for the District of Kansas, under 42 U.S.C. § 233(c).  Doc. 1 at 2.

On November 20, 2023, defendant filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 7), asserting plaintiff failed to exhaust his administrative remedies.  Plaintiff never filed a response to defendant's motion.  So, on January 10, 2024, the court issued a show cause order (Doc. 9).  The court ordered plaintiff to show cause by January 24, 2024, why it shouldn't consider and rule on defendant's motion as uncontested.  Doc. 9 at 2.  January 24, 2024, has passed and plaintiff hasn't responded to the show cause order.

Consistent with its show cause order, the court now rules on defendant's uncontested Motion to Dismiss (Doc. 7).

## II.       Legal Standard

Defendant argues the court lacks subject matter jurisdiction over plaintiff's claim because he failed to satisfy the FTCA's jurisdictional, pre-suit notice requirement.

Because federal courts are courts of limited jurisdiction, a presumption against jurisdiction exists, and the party invoking federal jurisdiction bears the burden to prove it exists. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  "Motions to dismiss for lack of subject matter jurisdiction 'generally take one of two forms:  (1) a facial attack on the sufficiency of the complaint's allegations [about] subject matter jurisdiction; or (2) a challenge to the actual facts upon which subject matter jurisdiction is based.'"  *City of Albuquerque v. U.S. Dep't of Interior*, 379 F.3d 901, 906 (10th Cir. 2004) (quoting *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002), *cert. denied*, 538 U.S. 999 (2003)).  If the motion only challenges the jurisdictional allegation's sufficiency, the district court must accept all such allegations as true.  *United States v. Rodriguez-Aguirre*, 264 F.3d 1195, 1203 (10th Cir. 2001).  But the analysis differs if the movant goes beyond the complaint's allegations and challenges the facts on which subject matter jurisdiction depends.  In that circumstance, a court "does not presume the truthfulness of the complaint's factual allegations but has wide discretion to allow affidavits [and] other documents . . . to resolve disputed jurisdictional facts under Rule 12(b)(1)."  *Id.* (citation and internal quotation marks omitted).

Considering material outside the pleadings does not require a court to convert a Rule 12(b)(1) motion to dismiss into one seeking summary judgment under Rule 56 unless resolving "the jurisdictional question is intertwined with the merits of the case."  *Olsen v. U.S. ex rel. Dep't of Army*, 144 F. App'x 727, 731 (10th Cir. 2005) (citation and internal quotation marks omitted).  The jurisdictional question is intertwined with the merits of the case when "resolution of the jurisdictional question requires resolution of an aspect of the substantive claim."  *Pringle v. United States*, 208 F.3d 1220, 1223 (10th Cir. 2000).

3

To consider defendant's Rule 12(b)(1) failure to exhaust argument, here, the court must consider defendant's Exhibit A, Declaration of Meredith Torres (Doc. 7-1), attached to defendant's motion.  This is so because plaintiff failed to attach—or otherwise claim he submitted—an administrative claim to his original Petition filed in state court.  *See* Doc. 4.  But resolving defendant's 12(b)(1) motion doesn't require the court to address the case's merits— *i.e.*, the merits of whether plaintiff received negligent dental care.  So, considering the Torres Declaration does not require the court to convert defendant's motion seeking dismissal under Rule 12(b)(1) into one seeking summary judgment under Rule 56.  *See, e.g.*, *Est. of Trentadue ex rel. Aguilar v. United States*, 397 F.3d 840, 852 (10th Cir. 2005) ("'Because the FTCA constitutes a waiver of the government's sovereign immunity, the notice requirements established by the FTCA must be strictly construed.  The requirements are jurisdictional and cannot be waived.'" (quoting *Bradley v. U.S. ex rel. Veterans Admin.*, 951 F.2d 268, 270 (10th Cir. 1991) (citation omitted)); *see also Mendoza v. United States*, 661 F. App'x 501, 501–02 (9th Cir. 2016) (affirming district court's dismissal of FTCA claim for failure to exhaust on jurisdictional grounds); *Caldwell v. Klinker*, 646 F. App'x 842, 846 (11th Cir. 2016) ("Unless and until a claimant has exhausted his administrative remedies under the FTCA, the district court lacks subject-matter jurisdiction." (citing *Turner ex rel. Turner v. United States*, 514 F.3d 1194, 1200 (11th Cir. 2008))); *De Baca v. United States*, 399 F. Supp. 3d 1052, 1183 (D.N.M. 2019) (considering "outside evidence on the failure-to-exhaust arguments without using the rule 56 standard" on motion to dismiss FTCA claim).

Consistent with these holdings, the court determines the jurisdiction question under Rule 12(b)(1) and the FTCA, below.

III.        Analysis

Defendant contends that plaintiff didn't exhaust his administrative remedies as required by the FTCA.  Defendant argues this failure deprives the court of subject matter jurisdiction over the unexhausted claim.  Doc. 7 at 1.

"'The FTCA waives the federal government's sovereign immunity to suits for money damages arising out of the negligence of government agents.'"  *Bowling v. United States*, 740 F. Supp. 2d 1240, 1245 (D. Kan. 2010) (quoting *Barnes v. United States*, 137 F. App'x 184, 187 (10th Cir. 2005)).  But before commencing a lawsuit against the United States, the FTCA requires claimants to exhaust administrative remedies.  28 U.S.C. § 2675(a); *see also Three-M Enters., Inc. v. United States*, 548 F.2d 293, 294 (10th Cir. 1977) ("[A]s a prerequisite to suit under the [FTCA], 28 U.S.C. [§] 2675(a) requires that the claim first be presented to the appropriate federal agency and be finally denied by the agency.").  To satisfy this provision's exhaustion requirement, a claimant must file an administrative claim with the appropriate federal agency.  *Barnes*, 137 F. App'x at 187.  That claim must include:  "(1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation, and (2) a sum certain damages claim."  *Est. of Trentadue*, 397 F.3d at 852 (citation and internal quotation marks omitted).

The FTCA's exhaustion requirement "is meant to inform the agency of the circumstances of the incident so it can investigate and respond either by settlement or defense."  *Selvidge v. United States*, No. 93-4083, 1994 WL 725399, at *3 (D. Kan. Dec. 30, 1994) (citing *Adams v. United States*, 615 F.2d 284, 289 (5th Cir. 1980)).  "'It also serves to ease court congestion and avoid unnecessary litigation.'"  *Bowling*, 740 F. Supp. 2d at 1245 (quoting *Strohm v. United States*, No. 06-4139, 2007 WL 3120704, at *3 (D. Kan. Oct. 24, 2007)).  The exhaustion requirement is jurisdictional and cannot be waived.  *Est. of Trentadue*, at 852 (citing *Bradley*,

951 F.2d at 270).  And, because "the FTCA constitutes a waiver of the government's sovereign immunity, the notice requirements established by the FTCA must be strictly construed." *Bradley*, 951 F.2d at 270 (citing *Three-M Enters., Inc.*, 548 F.2d at 295).

If the court finds that plaintiff failed to administratively exhaust a claim, it must dismiss the claim without prejudice for lack of jurisdiction.  *Gabriel v. United States*, 683 F. App'x 671, 673–74 (10th Cir. 2017) (explaining § 2675(a)'s exhaustion requirement wasn't intertwined with the merits of plaintiff's FTCA claim so the district court lacked jurisdiction and should've dismissed the unexhausted claims without prejudice, rather than converting to summary judgment motion and dismissing with prejudice).

Here, defendant contends that plaintiff's claim doesn't satisfy the FTCA's notice requirement, so the court lacks jurisdiction over plaintiff's claim about negligent dental care. Specifically, defendant asserts that a representative of the United States Department of Health and Human Services searched "the Claims Branch's database . . . and found no record of an administrative tort claim filed by Alfredo C. Hinojos, and/or an authorized representative relating to HealthCore Clinic, Inc., and/or Maya Nunley, DDS."  Doc. 7-1 at 1 (Torres Decl. ¶¶ 1, 4). Defendant maintains that "if an administrative tort claim had been filed with the Department with respect to HealthCore Clinic, Inc., . . . a record of that filing would be maintained in the Claims Office database."  *Id.* (Torres Decl. ¶ 3).  Plaintiff hasn't responded to defendant's Motion to Dismiss or the show cause order.  So, given defendant's uncontroverted statement about the absence of an administrative claim, the court concludes that plaintiff has failed to shoulder his burden to show that the court has subject matter jurisdiction.  The court thus lacks jurisdiction to consider his claim and dismisses it without prejudice.

IV.      Conclusion

The court grants defendant's Motion to Dismiss (Doc. 7).  Plaintiff hasn't satisfied the FTCA's notice requirements, leaving the court without jurisdiction to decide the matter.  The court thus dismisses plaintiff's claim without prejudice.  No claims remain and the court thus directs the Clerk of the Court to close the case.

**IT IS THEREFORE ORDERED THAT** defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 7) is granted.  The court dismisses without prejudice.

**IT IS SO ORDERED.**

**Dated this 19th day of April, 2024, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**
